**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

RICHARD SCALFANI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

       Plaintiff,

       vs.

MISONIX, INC., MICHAEL A. MCMANUS, JR., AND RICHARD A. ZAREMBA,

       Defendants.

---------------------------------------------------------X

Case No.: 16-cv-5218

CLASS ACTION

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff Richard Scalfani, individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Securities and Exchange Commission ("SEC") filings by Misonix, Inc. ("Misonix" or the "Company"), as well as media and analyst reports about the Company.

Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased the publicly traded Misonix securities from November 5, 2015 through September 14, 2016, both dates inclusive ("Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

4.     Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as a substantial part of the conduct complained of herein occurred in this District and the Company is headquartered within this District.

5.     In connection with the acts, conduct and other wrongs alleged herein, Defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications, and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff Richard Scalfani, as set forth in the attached PSLRA Certification, acquired Misonix securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7.      Defendant Misonix is a surgical device company that designs, manufactures, and markets therapeutic ultrasonic products for spine surgery, skull-based surgery, neurosurgery, wound debridement, cosmetic surgery, laparoscopic surgery, and other surgical applications worldwide. Misonix is incorporated in New York and is headquartered at 1938 New Highway, Farmingdale, NY 11735. Misonix securities trade on the NASDAQ under the ticker symbol "MSON."

8.      Defendant Michael A. McManus, Jr. ("McManus") served as the President and Chief Executive Officer ("CEO") of Misonix from November 1999 until September 2, 2016.

9.      Defendant Richard A. Zaremba ("Zaremba") served as the Chief Financial Officer ("CFO") of Misonix from February 1999 to September 13, 2016, and served as the Senior Vice President of Misonix from September 27, 2004 to September 13, 2016.

10.     Collectively, Defendants McManus and Zaremba are herein referred to as "Individual Defendants."

11.     Collectively, Defendant Misonix and Individual Defendants are herein referred to as "Defendants."

12.     Each of the Individual Defendants:

      a.      directly participated in the management of the Company;

      b.      was directly involved in the day-to-day operations of the Company at the highest levels;

c.      was privy to confidential proprietary information concerning the Company and its business and operations;

d.      was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e.      was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

f.      was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g.      approved or ratified these statements in violation of the federal securities laws.

13.     Misonix is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

14.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Misonix under *respondeat superior* and agency principles.

## SUBSTANTIVE ALLEGATIONS

### Defendants' False and Misleading Class Period Statements

15.     On November 5, 2015, during aftermarket hours, Misonix filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended September 30, 2015 (the "Q1 2016 10-Q"). The Q1 2016 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants McManus and

Zaremba, stating that the financial information contained in the Q1 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

16.     On February 9, 2016, Misonix filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended December 31, 2015 (the "Q2 2016 10-Q"). The Q2 2016 10-Q contained signed SOX certifications by Defendants McManus and Zaremba, stating that the financial information contained in the Q2 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

17.     On May 5, 2016, Misonix filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended March 31, 2016 (the "Q3 2016 10-Q"). The Q3 2016 10-Q contained signed SOX certifications by Defendants McManus and Zaremba, stating that the financial information contained in the Q3 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

18.     The statements referenced in ¶¶ 15 - 17 above were materially false and/or misleading because they misinterpreted and failed to disclose the following adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) deficiencies existed in the Company's internal controls over financial reporting; and (2) as a result, Defendants' statements about Misonix's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

**The Truth Emerges**

19.     On September 14, 2016, during aftermarket hours, Misonix filed a Notification of

Late Filing on Form 12b-25 with the SEC revealing that the Company is not able to timely file

its Annual Report on Form 10-K for the year ending June 30, 2016 with the SEC due to

"deficiencies [that] existed in the Company's internal control over financial reporting at June 30,

2016", stating in pertinent part:

> The Audit Committee of MISONIX, INC. (the "Company") has determined that
> **deficiencies existed in the Company's internal control over financial
> reporting at June 30, 2016**. The Audit Committee is still considering whether or
> not the deficiencies constitute one or more material weaknesses in the Company's
> internal control over financial reporting at such date. Notwithstanding its
> determination, the Audit Committee has no current information to suggest that the
> Company's previously reported financial statements and results are incorrect in
> any material respect. **The filing of the Company's Annual Report on Form 10-
> K for the fiscal year ended June 30, 2016 will be delayed pending completion
> of an investigation relating to these deficiencies being overseen by the Audit
> Committee**. The filing may also be delayed as a result of the appointment
> effective September 13, 2016 by the Board of Directors of the Company of Joseph
> Dwyer as Interim Chief Financial Officer. Richard A. Zaremba, Senior Vice
> President and Chief Financial Officer through September 13, 2016, has been
> appointed Senior Vice President, Finance. The Company is filing a Current
> Report on Form 8-K which goes in to greater detail on the foregoing management
> changes. As a result of the foregoing, it is likely that the Company will not be in a
> position to file its Annual Report on Form 10-K within the 15-day extension
> period provided in Rule 12b-25(b). The Company is working diligently to resolve
> these matters and intends to file its Annual Report on Form 10-K as promptly as
> reasonably practicable.
>
> [Emphasis added].

20.     On this news, shares of the Company fell $1.13 per share or over 18% from its

previous closing price to close at $5.00 on September 15, 2016, damaging investors.

21.     As a result of Defendants' wrongful acts and omissions, and the precipitous

decline in the market value of the Company's common shares, Plaintiff and other Class members

have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Misonix securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

23.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Misonix securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Misonix or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

24.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

25.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

      a.     whether the federal securities laws were violated by Defendants' acts as alleged herein;

      b.     whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Misonix;

      c.     whether the Individual Defendants caused Misonix to issue false and misleading financial statements during the Class Period;

      d.     whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

      e.     whether the prices of Misonix securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

      f.     whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28.   Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

a.   Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

b.   the omissions and misrepresentations were material;

c.   Misonix securities are traded in an efficient market;

d.   the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

e.   the Company traded on the NASDAQ;

f.   the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

g.   Plaintiff and members of the Class purchased, acquired and/or sold Misonix securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

29.   Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

30.   Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## FIRST CAUSE OF ACTION

### Violation of Section 10(b) of The Exchange Act Against and Rule 10b-5
### Promulgated Thereunder Against All Defendants

31.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32.     This cause of action is asserted against all Defendants.

33.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to, and throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase and/or sell Misonix's securities at artificially inflated and distorted prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, individually and as a group, took the actions set forth herein.

34.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Misonix as specified herein.

35.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Misonix's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Misonix and its business operations and financial condition in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a

course of business that operated as a fraud and deceit upon the purchasers Misonix securities during the Class Period.

36.     Each of the Defendants' primary liability, and controlling person liability, arises from the following: (a) Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (b) by virtue of their responsibilities and activities as senior officers and/or directors of the Company, were privy to and participated in the creation, development and reporting of the Company's  plans, projections and/or reports; (c) Defendants enjoyed significant personal contact and familiarity with the other members of the Company's management team, internal reports and other data and information about the Company's, operations, and (d) Defendants were aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

37.     Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Misonix's financial condition from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' false and misleading statements during the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by failing to take steps necessary to discover whether those statements were false or misleading.

38.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price for Misonix's securities was artificially inflated during the Class Period.

39.     In ignorance of the fact that market prices of Misonix's publicly-traded securities were artificially inflated or distorted, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the Company's securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Misonix's securities during the Class Period at artificially high prices and were damaged thereby.

40.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Misonix's financial results and condition, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired Misonix securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices or distorted prices at which they did.

41.     By virtue of the foregoing, the Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

42.     As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

43.     This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CAUSE OF ACTION

### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

44.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.     This second cause of action is asserted against each of the Individual Defendants.

46.     The Individual Defendants acted as controlling persons of Misonix within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of aspects of the Company's dissemination of information to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contend are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued, and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

47.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

48.     As set forth above, Misonix and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

49.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act as they culpably participated in the fraud alleged herein. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

50.     This action was filed within two years of discovery of the fraud and within five years of Plaintiff' purchases of securities giving rise to the cause of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a.     Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Class Counsel;

b.     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

c.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

d.     Awarding such other and further relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury.

Dated: September 19, 2016                  Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           By: /s/Phillip Kim
                                           Laurence M. Rosen, Esq. (LR 5733)
                                           Phillip Kim, Esq. (PK 9384)
                                           275 Madison Ave, 34th Floor
                                           New York, NY  10016
                                           Phone: (212) 686-1060
                                           Fax: (212) 202-3827

                                           Counsel for Plaintiff